[Cite as *State v. Ratliff*, 2026-Ohio-2557.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

DAVID J. RATLIFF,

    DEFENDANT-APPELLANT.

CASE NO. 4-25-18

OPINION AND
JUDGMENT ENTRY

Appeal from Defiance County Common Pleas Court
Trial Court No. 24 CR 15421

**Judgment Affirmed**

Date of Decision: July 6, 2026

APPEARANCES:

    *Henry Schaefer* for Appellant

    *Russell R. Herman* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, David J. Ratliff ("Ratliff"), brings this appeal from the judgment of the Defiance County Common Pleas Court accepting his *Alford* plea, finding him guilty of a single count of sexual battery, imposing a 12-month sentence and finding him to be a Tier III sexual offender. On appeal, Ratliff contends his *Alford* plea was not entered knowingly, voluntarily, or intelligently due to an inadequate colloquy with the trial judge.

*Procedural History*

{¶2} On April 24, 2024, Ratliff was indicted by the Defiance County grand jury on one count of rape in violation of R.C. 2907.02(A)(2), a first-degree felony, and one count of kidnapping in violation of R.C. 2905.01(A)(4), a second-degree felony. The charges stemmed from an incident that occurred on June 2, 2011. On that date, the victim reported to the hospital claiming she was kidnapped and raped by an unknown male. A rape examination was completed, and DNA was collected from a vaginal swab. The perpetrator remained unknown until 2017 when the Defiance Police Department was notified of a CODIS match with Ratliff of the DNA collected from the unkown male during the original investigation. In 2024, the victim was located and the case was presented to the grand jury. Shortly thereafter, Ratliff was arrested on the indictment. He entered pleas of not guilty at his arraignment on May 8, 2024. Ratliff remained in custody for the duration of the case.

{¶3} Over the course of the ensuing sixteen months, the case proceeded with numerous pretrial conferences and proceedings, including two changes of attorneys. The

matter came on for a jury trial on September 15, 2025. However, just prior to jury selection, the parties entered into a negotiated resolution with Ratliff agreeing to enter an *Alford* plea of guilty to a bill of information charging a single count of sexual battery in violation of R.C. 2907.03(A)(1), a third-degree felony. In exchange for Ratliff's plea to the bill of information, the State agreed to recommend a 12-month term of incarceration with credit for time already served and to seek dismissal of the indictment with its two charges.

{¶4} The trial court proceeded to arraign Ratliff on the new charge at which time the court engaged in a lengthy plea colloquy. Ratliff tendered an *Alford* guilty plea which the court accepted. The trial court found him guilty and proceeded directly to sentencing. The court adopted the parties' sentence recommendation of 12 months of incarceration with credit for the full term already served. Additionally, the trial court found Ratliff to be a Tier III sexual offender. The court also dismissed the rape and kidnapping charges. Ratliff filed a timely appeal raising one assignment of error.

## Assignment of Error

**The trial court erred in accepting Appellant's Alford guilty plea as knowing, voluntary, and intelligent in violation of Crim.R. 11.**

{¶5} Ratliff's assignment of error challenges the three criteria for entering a change of plea. Specifically, he alleges his plea was not knowingly, voluntarily, and intelligently given. While Ratliff admits the trial court strictly complied with Crim.R. 11 in providing the constitutional advisements, he contends the court failed to "probe the non-constitutional voluntariness of the plea" after he expressed confusion.

*Relevant Law*

**{¶6}** The decision by a defendant to enter a guilty plea must be knowing, intelligent, and voluntary. *State v. Dangler*, 2020-Ohio-2765, ¶ 10. This is equally true for an *Alford* plea. *See, e.g., State v. Padgett*, 67 Ohio App.3d 332, 337-338 (2d Dist. 1990), construing Crim.R. 11(C). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). The trial court has the burden to ensure a defendant's plea is voluntary and that the defendant understands the charges, the maximum penalty involved, and the effect of the plea, including its effect on the defendant's rights. *State v. Gowdy*, 2025-Ohio-5575, ¶ 18, citing Crim.R. 11(C)(2).

**{¶7}** Crim.R. 11(C)(2) sets forth what a trial court is to communicate to the defendant at change-of-plea hearings and reads as follows:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> > (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
> >
> > (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8} Additionally, "[a]n '*Alford* plea' is a specialized type of guilty plea when the defendant, although pleading guilty, continues to deny his or her guilt but enters the guilty plea because the defendant believes that the offered sentence is better than what the outcome of a trial is likely to be." *State v. Carey*, 2011-Ohio-1998, ¶ 6 (3d Dist.), quoting *State v. Schmidt*, 2010-Ohio-4809, ¶13 (3d Dist.). "'Because an *Alford* plea involves a rational calculation that is significantly different from the calculation made by a defendant who admits he is guilty, the obligation of the trial judge with respect to the taking of an *Alford* plea is correspondingly different.'" *State v. Bolin*, 2022-Ohio-3777, ¶ 6 (3d Dist.), quoting *Padgett*, at 338. Even though an *Alford* plea allows a defendant to maintain his factual innocence, the plea has the same legal effect as a guilty plea. *State v. Vogelsong*, 2007-Ohio-4935, ¶ 15 (3d Dist.).

{¶9} This Court has previously addressed the requirements for an *Alford* plea to be knowing, intelligent, and voluntary:

"In order for the trial court to establish that an *Alford* plea is knowing, voluntary, and intelligent, the court must conduct what is commonly referred to as an '*Alford* inquiry.' An '*Alford* inquiry' requires that the trial court question the defendant concerning the reasons for deciding to plead guilty, notwithstanding the protestations of innocence. The record also must contain strong evidence of guilt before an *Alford* plea may be accepted. Therefore,

the plea should not be made without the presentation of some basic facts surrounding the offenses charged.

(Citations omitted.)  *Bolin* at ¶ 6, quoting *State v. Scott*, 2001-Ohio-2098, *5 (3d Dist.).

### *Standard of Review*

{¶10} When reviewing challenges to the knowing, intelligent, and voluntary nature of guilty pleas, we are to focus on the dialogue between the trial court and the defendant to ensure the defendant understood the consequences of his plea.  *Gowdy*, 2025-Ohio-5575, at ¶ 19, citing *Dangler*, 2020-Ohio-2765, at ¶ 12.  A defendant is generally not entitled to have his plea vacated unless he or she demonstrates prejudice by the failure of the trial court to comply with the provisions of Crim.R. 11.  *Id.*  The test for prejudice is "'whether the plea would have otherwise been made.'"  *Id.* at ¶ 20, quoting *Dangler* at ¶ 16. Additionally, the Supreme Court of Ohio has held that a defendant is excused from the burden of demonstrating prejudice in two circumstances: (1) when the trial court "'fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c)'" and (2) when a trial court "'complete[ly] fail[s] to comply with'" a component of Crim.R. 11.  *Id.* at ¶ 21, quoting *State v. Clark*, 2008-Ohio-3748, ¶ 31 and *State v. Sarkozy*, 2008-Ohio-509, ¶ 22.

### *Analysis*

{¶11} Ratliff does not challenge any of the trial court's explanations of his constitutional rights.  Rather, he contends the court failed to ensure his plea was voluntary and that he understood the charge and penalties because he expressed confusion and the

court failed to inquire whether his prolonged incarceration during the pendency of the case influenced his decision to plead. Lastly, Ratliff complains the court failed to fully inform him that the scope of his appellate rights was limited as a result of his plea. Because Ratliff does not assert fault with the court's constitutional advisements, prejudice will not be presumed and Ratliff must demonstrate that he would not have entered the *Alford* plea but for the court's alleged failures relating to his non-constitutional rights. *State v. Rayle*, 2025-Ohio-1912, ¶ 11 (7th Dist.), citing *Dangler* at ¶ 14-16 ("[a] failure regarding the non-constitutional rights requires the defendant to make a showing of prejudice in order to invalidate the plea, unless the trial court completely failed to comply with the advisement").

{¶12} Although the court did not delve into a conversation with Ratliff as to his motivation for agreeing to resolve the case with a plea rather than proceeding to jury selection, the benefit of the plea deal was self-evident. The rape and kidnapping charges, two of the most serious charges in Ohio's penal code, were dismissed. Instead, Ratliff entered an *Alford* plea (thus continuing to maintain his innocence) to a third-degree felony charge of sexual battery. The parties recommended a 12-month prison term with credit for time served.

{¶13} After the attorneys set forth the plea negotiations on the record in open court as required by Crim.R. 11(F), the following dialogue then occurred.

[Defense Counsel]: Your Honor, at this time on behalf of Mr. Ratliff, we acknowledge receiving a copy of that Bill of Information. We waive any reading, waive any presentation and at this time enter a plea of guilty pursuant to *Alford versus North Carolina* to the

|  | single charge of Sexual Battery, a Felony of the Third-Degree. |
|---|---|
| [Trial Court]: | Mr. Ratliff, do you understand what your lawyer is saying on your behalf there? |
| [Ratliff]: | Yes, I do. |
| [Trial Court]: | Is that what you want to do? |
| [Ratliff]: | Yes. |
| [Trial Court]: | [Your attorney] says you're entering a plea of guilty pursuant to a case called *Alford versus North Carolina*. In that case, that's a different situation than this. In that case it was a death penalty or a capital case. The defendant wanted to enter a plea of guilty to a murder charge but avoid the possibility of a death penalty so he was saying I want to enter a plea of guilty cause I believe it's in my best interest though I still say I didn't do it. Obviously, there's no death penalty involved here it's not that kind of situation. But nevertheless, your lawyer says you're entering a plea of guilty based upon your belief that that plea is in your best interest under the circumstances, do you understand that? |
| [Ratliff]: | Yes. |

(Sept. 15, 2025 Tr. at 5-6).

{¶14} Additionally, the record shows strong evidence of Ratliff's guilt.

Specifically, the prosecutor told the court the nature of the case against Ratliff.

|  | |
|---|---|
| [State]: | Your Honor, the State has possessed of evidence [sic] if we went forward to show that on or about June 2nd of 2011 in Defiance County[,] Ohio that the Defendant did engage in sexual conduct with an adult female, not his spouse, the |

-8-

defendant knowingly coerced the victim to submit by any means that would prevent resistance by a person of ordinary resolution. The State's evidence would include the statement and testimony of the principal adult female. In addition to that[,] the State would present evidence of DNA that was gathered from a rape kit and a vaginal swab matching the defendant to show that there was sexual conduct in addition to the victim's statement that she was coerced.

[Trial Court]: [Defense counsel], did you have access to Criminal Rule 16 discovery or equivalent information?

[Defense counsel]: Yes, Your Honor, we did.

[Trial court]: The State possessed of evidence [that] if believed by a trier of fact would sustain a conviction[?]

[Defense counsel]: There is a chance of that Your Honor, yes.

[Trial court]: Mr. Ratliff, do you understand – I understand you're denying the conduct here and do you understand what it is that the State says you did, that amounts to the crime charged here?

[Ratliff]: I do.

(Sept. 15, 2025 Tr. at 13-14).

{¶15} The prosecutor's statement generally touched on each element of the sexual battery charge. It indicated the victim was prepared to testify regarding the coercive nature of the sexual conduct and implied that she was forced to submit. In addition, the statement confirmed the DNA match from the sexual assault examination of the victim to Ratliff's DNA. We are also mindful that the same trial judge presided over an evidentiary hearing

-9-

on Ratliff's motion to suppress the DNA evidence. Consequently, the statements of the prosecutor at the plea hearing coupled with the evidence the court heard during the motion hearing provided strong evidence of Ratliff's guilt.

{¶16} Ratliff contends he voiced confusion over the plea when the court asked him if he had any statement to make prior to imposition of sentence and Ratliff responded:

> It's more of a question than a statement. I've been racking my brain like pool balls trying to understand this entire case and the indictment of why I was actually indicted. And the reason I say that is because I don't comprehend why I was indicted when the victim made very clear in a police statement that we had consensual unprotected sex the day before she was raped and that the person that raped her wore a condom, and this was said on the day she was raped. So, with that being said this is what I've been struggling to understand and get clarity on and I just want transparency. I just want to understand.

(Sept. 15, 2025 Tr. at 16).

{¶17} We do not find this statement to express confusion over the plea. On the contrary, the record shows Ratliff never indicated any confusion during his colloquy with the court. He never equivocated in his answers to the court's questions. The record shows Ratliff's determination to resolve the case without proceeding to a trial. Importantly, this statement was made when the court offered him the opportunity to allocute prior to the imposition of sentence. While this statement may be indicative of why Ratliff entered an *Alford* plea, it is not a demonstration that his plea was not entered knowingly, voluntarily or intelligently.

-10-

{¶18} Finally, Ratliff contends that he was not fully informed of his appellate rights, as the court noted his appeal rights would be limited and he would be unlikely to succeed. Specifically the court told Ratliff:

| | |
|---|---|
| [Trial Court]: | In a case like this you have the right to appeal to a higher court, the right to a lawyer on appeal, including a court appointed lawyer if you cannot afford to pay one. You still have the right to appeal, but as a practical matter if you enter this plea of guilty at this time, you're unlikely to succeed on appeal, you should not rely on your right to appeal to get you out of this trouble if you're entering a plea of guilty at this time. Do you understand that? |
| [Ratliff]: | I do. |
| [Trial Court]: | You may have the right to appeal the sentence the Court imposes, if the Court failed to follow the sentencing guidelines the State Legislature has set up. Even if you were successful in that kind of an appeal, it would not affect whether you were guilty or not guilty of the crime, only what the punishment was. Do you understand that? |
| [Ratliff]: | I do. |
| [Trial Court]: | While the Court is not required to follow the sentence recommendation here, if the Court chooses to follow that recommendation it is unlikely that that would be changed on appeal because it was part of the plea negotiations. Do you understand that? |
| [Ratliff]: | I do. |

(Sept. 15, 2025 Tr. at 10-11).

**{¶19}** Crim.R. 11(C)(2) does not contain any language requiring a trial court to inform defendants of their appellate rights, or the impact a plea may have on those rights, before accepting a plea. *State v. Alvarez*, 2020-Ohio-5183, ¶ 23 (8th Dist.); *State v. Nichols*, 2024-Ohio-5530, ¶ 22 (6th Dist.) ("That a guilty plea waives certain rights on appeal is not one of the specifically enumerated rights the court is required to discuss during the Crim.R. 11 plea colloquy."). We find no error in the court's statement to Ratliff regarding his limited appellate rights. On the contrary, the inquiry demonstrates Ratliff's intent to proceed with the plea.

**{¶20}** After carefully studying the record presented to us on appeal, we find no evidence that Ratliff suffered any prejudice as a result of his entering the *Alford* plea to the information filed against him. Ratliff has not carried the burden of establishing that he would not have otherwise entered the plea.

**{¶21}** For all of the above reasons, Ratliff's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, and WALDICK, J. J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

_____
Mark C. Miller, Judge

_____
John R. Willamowski, Judge

_____
Juergen A. Waldick, Judge

DATED:
/jlm